IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Clinton D. Dudley, Sr.,                                    Case No. 3:08 CV 128

                Plaintiff,                          MEMORANDUM OPINION
                                                    AND ORDER
      -vs-
                                                    JUDGE JACK ZOUHARY
Alan Michalak, et al.,

                Defendants.

On January 16, 2008, *pro se* Plaintiff Clinton Dudley, Sr. filed this action under 42 U.S.C. § 1983 against Toledo Municipal Court Magistrate Alan Michalak and the Toledo Municipal Court. Dudley claims Defendants deprived him of a jury trial in violation of his Seventh and Fourteenth Amendment rights. He seeks compensatory and punitive damages. Dudley also filed an Application to Proceed *In Forma Pauperis*. That Application is granted.

## BACKGROUND

Dudley is the defendant in an eviction action in Toledo Municipal Court Case No. CVG-07-22679.[1] In addition to removal from the premises, the complaint seeks damages from Dudley in the amount of $3,500. Dudley responded with a counterclaim and requested damages in excess of $100,000. He also filed a motion for jury trial as provided by the Seventh Amendment and an

---

[1] Toledo Municipal Court dockets can be viewed through the Clerk of Court's website at http://www.tmc-clerk.com.

Indigent Affidavit. The Affidavit requested that the court waive the deposit under Ohio Revised Code § 1923.101 which is required of any party seeking a jury trial. On January 7, 2008, the court denied the motion for jury trial as untimely. A bench trial on the eviction complaint was held on January 16, 2008, resulting in a judgment unfavorable to Dudley. The claims for monetary damages have been set for trial on April 8, 2008. Dudley claims he was denied his right to trial by jury and due process.

## ANALYSIS

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). For the reasons stated below, this action is dismissed pursuant to §1915(e).

A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir. 1988). If the state defendant files such a case, *Younger* abstention requires the federal court to defer to the state proceeding. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987).

All three factors supporting abstention are present in this case. The matters presented in the Complaint are clearly the subject of a pending municipal court action which implicates important state interests. *See Doscher v. Menifee Circuit Court*, No. 03-5229, 2003 WL 22220534 (6th Cir. Sept. 24, 2003). Furthermore, Dudley was able to assert his federal claims in the state court proceeding, and

2

a contrary ruling by this Federal Court would unduly interfere with the state court action. This Court therefore must abstain from hearing Dudley's claims.

Even if the *Younger* doctrine were not applicable to this case, dismissal would still be required. Dudley brings this action against the Magistrate who issued the unfavorable ruling on his motion, and the Municipal Court that employs the Magistrate. Local government entities, such as the Toledo Municipal Court, may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by its employees or agents. *See Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658, 691 (1978). Rather, claims against the government entity must be premised on the entity's own misconduct. *Id.* at 694. Dudley does not include any allegations against the Municipal Court in his Complaint. All of the claims in this matter pertain only to the actions of the Magistrate.

The claims against Magistrate Michalak, however, must also be dismissed. Judicial officers are given absolute immunity from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991). This broad protection is given to ensure their independent and impartial exercise of judgment is not impaired by concern for potential exposure to damages by dissatisfied litigants. *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). For this reason, absolute immunity is overcome only when the conduct alleged is performed at a time when the defendant is not acting as a judge; or when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12. A judge will not be deprived of immunity even if the action he or she took was performed in error, done maliciously, or was in excess of his or her authority. Dudley asserts the Magistrate's decision was contrary to law. If this allegation is true, Dudley's remedy is an appeal to the state court of appeals. He does not have recourse against the judge for damages under 42 U.S.C. §1983.

**CONCLUSION**

Accordingly, Dudley's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted and this action is dismissed under 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).[2]

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

March 19, 2008

---

[2]

28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.